```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

___

MARGARET B. MYLES,

    Plaintiff,

vs.                                        No. 07-2272-JDB/tmp

JON PHIPPS MCCALLA,

    Defendant.
___

ORDER OF DISMISSAL
ORDER DENYING MOTION TO DISMISS AS MOOT
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
ORDER ASSESSING APPELLATE FILING FEE
AND
ORDER REAFFIRMING RESTRICTIONS ON FILING PRIVILEGES

___

On March 19, 2007, Plaintiff Margaret B. Myles, filed a pro se complaint in the Shelby County General Sessions Court against United States District Court Judge Jon Phipps McCalla seeking to overturn the order entered in Myles v. Internal Revenue Service, No. 96-3177-JPM/dkv (W.D. Tenn. Nov. 19, 1996), which dismissed her complaint prior to service on Defendants and revoked Myles in forma pauperis privileges based upon her propensity to file frivolous lawsuits.[1]  Myles contends that she did not file all of

---

[1] Myles also received dismissals in the following cases:
1. Myles v. United States Bankruptcy Court, No. 96-2791-D/A (W.D. Tenn. Aug. 6, 1996)(dismissing as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)).
2. Myles v. United States Dist. Court for the W.D. Tenn., No. 96-2889-Tu/A (W.D. Tenn. Aug. 23, 1996)(dismissing under 28 U.S.C. § 1915(e)(2)(B)).
3. Myles v. United States Dept. of Customs, No. 96-2893-Ml/Bre (W.D. Tenn. Aug. 22, 1996)(dismissing under 28 U.S.C. § 1915(e)(2)(B)).
4. Myles v. United States Dept. of Customs, No. 96-2951-Tu/A (W.D. Tenn. Aug. 30, 1996)(dismissing under 28 U.S.C. § 1915(e)(2)(B) and admonishing

```
              plaintiff against filing further frivolous lawsuits).
5.     Myles v. Environmental Protection Agency, No. 96-2979-Tu/V (W.D. Tenn.
       Sept. 12, 1996)(dismissing under 28 U.S.C. § 1915(e)(2)(B) and again
       admonishing plaintiff against filing further frivolous lawsuits).
6.     Myles v. Dept. of Human Services, No. 96-2684-Ml/V (W.D. Tenn. Nov. 19,
       1996)(dismissing under 28 U.S.C. § 1915(e)(2)(B) and again admonishing
       plaintiff against filing further frivolous lawsuits).
7.     Myles v. Shelby County Gov't., No. 96-2716-Tu/A (W.D. Tenn. Nov. 19,
       1996)(dismissing under 28 U.S.C. § 1915(e)(2)(B) and again admonishing
       plaintiff against filing further frivolous lawsuits).
8.     Myles v. National Check Cashing Co., No. 96-2802-G/V (W.D. Tenn. Nov. 25,
       1996)(dismissing under 28 U.S.C. § 1915(e)(2)(B) and again admonishing
       plaintiff against filing further frivolous lawsuits).
9.     Myles v. EEOC, et al., No. 96-3028-D/V (W.D. Tenn. Nov. 29, 1996)
       (dismissing under 28 U.S.C. § 1915(e)(2)(B) and again admonishing
       plaintiff against filing further frivolous lawsuits).
10.    Myles v. Environmental Protection Agency, No. 96-3048-G/V (W.D. Tenn. Nov.
       25, 1996)(dismissing under 28 U.S.C. § 1915(e)(2)(B) and again admonishing
       plaintiff against filing further frivolous lawsuits).
11.    Myles v. EEOC, et al., No. 96-3055-G/V (W.D. Tenn. Nov. 25,
       1996)(dismissing under Fed. Rule Civ. P. 12(h)(3) and 28 U.S.C. §
       1915(e)(2)(B) and again admonishing plaintiff against filing further
       frivolous lawsuits).
12.    Myles v. General Sessions Court, No. 96-3056-G/V (W.D. Tenn. Nov. 25,
       1996) (dismissing under Fed. Rule Civ. P. 12(h)(3) and 28 U.S.C. §
       1915(e)(2)(B) and again admonishing plaintiff against filing further
       frivolous lawsuits).
13.    Myles v. Chrysler Corp., et al., No. 96-3065-Ml/A (W.D. Tenn. Nov. 19,
       1996)(dismissing under Fed. Rule Civ. P. 12(h)(3) and 28 U.S.C. §
       1915(e)(2)(B) and again admonishing plaintiff against filing further
       frivolous lawsuits).
14.    Myles v. ATTCO Credit Union., No. 96-3115-D/A (W.D. Tenn. Nov. 29,
       2006)(dismissing under Fed. Rule Civ. P. 12(h)(3) and 28 U.S.C. §
       1915(e)(2)(B) and again admonishing plaintiff against filing further
       frivolous lawsuits).
15.    Myles v. ATTCO Credit Union., No. 96-3116-D/A (W.D. Tenn. Nov. 29,
       1996)(dismissing under Fed. Rule Civ. P. 12(h)(3) and 28 U.S.C. §
       1915(e)(2)(B) and again admonishing plaintiff against filing further
       frivolous lawsuits).
16.    Myles v. ATTCO Credit Union., No. 96-3117-D/A (W.D. Tenn. Nov. 29,
       1996)(dismissing under Fed. Rule Civ. P. 12(h)(3) and 28 U.S.C. §
       1915(e)(2)(B) and again admonishing plaintiff against filing further
       frivolous lawsuits).
17.    Myles v. Leader Federal Savings Bank, No. 96-3174-D/A (W.D. Tenn. Nov. 29,
       1996)(dismissing under Fed. Rule Civ. P. 12(h)(3) and 28 U.S.C. §
       1915(e)(2)(B) and again admonishing plaintiff against filing further
       frivolous lawsuits).
18.    Myles v. Federal Bureau of Investigation, No. 96-3175-D/V (W.D. Tenn. Nov.
       29, 1996)(dismissing under Fed. Rule Civ. P. 12(h)(3) and 28 U.S.C. §
       1915(e)(2)(B) and again admonishing plaintiff against filing further
       frivolous lawsuits).
19.    Myles v. United States Dept. of Customs., No. 96-3176-Tu/A (W.D. Tenn.
       Nov. 19, 1996)(dismissing under Fed. Rule Civ. P. 12(h)(3) and 28 U.S.C.
       § 1915(e)(2)(B) and again admonishing plaintiff against filing further
       frivolous lawsuits).
20.    Myles v. Federal Emergency Management, No. 03-2708-B/V (W.D. Jan. 15,
```

the nineteen cases cited in the order revoking her <u>in forma pauperis</u> privileges and insists that her complaint should not have been dismissed before Defendants were served. On April 23, 2007, the United States filed a notice of removal pursuant to 28 U.S.C. §§ 1446(a), requesting this Court to exercise jurisdiction over the claims against Judge McCalla.

On June 15, 2007, the United States filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss the claims against Judge McCalla. Plaintiff has not responded to the motion.

The Court has reviewed the allegations of the complaint and determines that it is not necessary to address the motion to dismiss. Despite the payment of any filing fee, under 28 § 1915(e)(2)(B)(iii), the Court shall dismiss a case at any time if the Court determines that the action seeks monetary relief against a defendant who is immune from such relief.

The order of dismissal entered in <u>Myles v. Internal Revenue Service</u>, No. 96-3177-JPM/dkv, stated:

> The plaintiff, Margaret B. Myles, has filed twenty lawsuits in this district, being granted leave to proceed <u>in forma pauperis</u> in each case. Each complaint has been no more than marginally coherent. Not once in twenty

---

      2004)(dismissing under Fed. Rule Civ. P. 12(b)(1) for lack of subject matter jurisdiction).
21.  <u>Myles v. Food and Consumer Service</u>, No. 06-2565-JPM/dkv (W.D. Tenn. Dec. 22, 2006)(dismissing under Fed. Rules Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim).
22.  <u>Myles v. McCalla</u>, No. 07-2271-JDB/dkv (W.D. Tenn. 2007)(dismissing under 28 U.S.C. § 1915(e)(2)(B)(iii) and Fed. Rule Civ. P. 12(h)(3) as frivolous and devoid of jurisdiction).

> complaints has this plaintiff communicated a complete thought about why she has sought this court's jurisdiction, how the defendant has wronged her, or why she is entitled to any relief. This case is particularly incomprehensible.
>
> First examining Myles' in forma pauperis motion, if the court strictly applied 28 U.S.C. § 1915, it would require Ms. Myles to provide the court with further information. The affidavit is vague as to plaintiff's assets and sources of income. Furthermore, Myles has provided inconsistent information in the affidavits submitted in her various cases. In some cases she describes herself as single, in others as divorced. In the affidavit in her first case, Myles v. Dept. of Hum. Serv., No. 96-2684-JPM/dkv, she described herself as heir to the "telephone industry" but was unsure of the income she might expect, whereas in Myles v. Chrysler Corp., No. 96-3065-JPM/all, she alleged she is heir to that company. In some cases she alleges she receives income for babysitting, but she does not mention it here. In light of the obvious frivolity of this lawsuit and the fact that Ms. Myles has quite obviously not held steady employment for nearly seven (7) years, the court concludes that further inquiry into the state of her finances would not be an efficient use of judicial resources. The motion to proceed in forma pauperis is GRANTED only insofar as to waive the filing fee.

Judge McCalla then ruled that Myles' complaint was frivolous or failed to state a claim for relief, dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3), and revoked Myles' in forma pauperis privileges based upon her abuse of the judicial system.

Myles may not sue Judge McCalla for his judicial actions in Case No. 96-3177-JPM/dkv. When a governmental official is sued in an official capacity only, the suit is one against the governmental entity. Hafer v. Melo, 502 U.S. 21, 26-28 (1991). Plaintiff's

4

claims against Judge McCalla in his official capacity are against the United States alone.  The United States can be sued only to the extent it has waived its sovereign immunity.  <u>United States v. Orleans</u>, 425 U.S. 807, 814 (1976); <u>Feyers v. United States</u>, 749 F.2d 1222, 1225 (6th Cir. 1984); <u>Ecclesiastical Order of the Ism of Am, Inc. v. Chasin</u>, 653 F. Supp. 1200, 1206 (E.D. Mich. 1986).  A waiver of sovereign immunity cannot be implied but must be expressed unequivocally by Congress.  <u>United States v. Mitchell</u>, 445 U.S. 535, 538 (1980); <u>Johnson v. Hubbard</u>, 698 F.2d 286, 290 (6th Cir. 1983); <u>Jahn v. Regan</u>, 584 F. Supp. 399, 406 (E.D. Mich. 1984).  No such waiver exists for the putative claims that this plaintiff attempts to assert.  Accordingly, construed as an action against the Judge McCalla in his official capacity, Plaintiff's claims are barred by sovereign immunity.

Judges are protected by absolute immunity from damage suits for their actions in connection with matters that are within their jurisdiction.  <u>Stump v. Sparkman</u>, 435 U.S. 349, 359-60 (1978); <u>King v. Love</u>, 766 F.2d 962 (6th Cir. 1985).  As Plaintiff's only allegations concern Judge McCalla's conduct of her civil case, matters plainly within the exercise of his jurisdiction, Judge McCalla is protected by absolute immunity.

As the complaint seeks to assert only claims that are barred by absolute and sovereign immunity, it is devoid of jurisdiction. This complaint lacks an arguable basis either in law or in fact,

and is therefore frivolous.  See Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

As the complaint is frivolous and devoid of jurisdiction, it is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and Fed. R. Civ. P. 12(h)(3). The pending motion to dismiss is rendered MOOT by the dismissal of this complaint and is DENIED.

Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.  The good faith standard is an objective one.  Coppedge v. United States, 369 U.S. 438, 445 (1962).  An appeal is not taken in good faith if the issue presented is frivolous.  Id.  The same considerations that lead the court to dismiss this case as devoid of jurisdiction and as frivolous also compel the conclusion that an appeal would be frivolous.  It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff is not taken in good faith, and Plaintiff may not proceed on appeal in forma pauperis.

The Sixth Circuit Court of Appeals decisions in McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997), and Floyd v. United States Postal Service, 105 F.3d 274 (6th Cir. 1997), apply to any appeal filed by plaintiff in this case.

If Plaintiff files a notice of appeal, she must pay the entire $455 filing fee required by 28 U.S.C. §§ 1913 and 1917.[2] The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal.

By filing a notice of appeal Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. If Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty (30) days[3] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the district court will notify the Sixth Circuit, who will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. McGore, 114 F.3d at 610.

The Court REAFFIRMS the restrictions imposed upon Myles' filing privileges set forth in the order of dismissal entered in Myles v. Internal Revenue Service, No. 96-3177-JPM/dkv (W.D. Tenn. Nov. 19, 1996). Payment of the $350 filing fee in full is a

---

[2]   The fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

[3]   The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed within the meaning of Houston v. Lack, 487 U.S. 266 (1988), and Fed. R. App. P. 4(c) before the expiration of the original deadline. McGore, 114 F.3d at 610.

condition to filing any case in this Court. Any complaint submitted by her which does not comply will not be filed, but will be immediately returned to Plaintiff. Furthermore, the Court will then impose further sanctions against Myles, including further monetary fines. Any case submitted by this Plaintiff to another court that is thereafter transferred to this district **WILL RESULT** in the same sanctions and a **MONETARY FINE**.

The Clerk of Court is ORDERED not to file, open on this Court's docket, assign a new docket number, or assign to a judge, any further case whatsoever submitted by this Plaintiff unless specifically directed to do so by a district judge or magistrate judge of this district.

Finally, Plaintiff is ORDERED not to file any further documents in this actions except a one-page notice of appeal which must be accompanied by the full $455 appellate filing fee.

IT IS SO ORDERED this 10th day of October, 2007.

s/ J. DANIEL BREEN  
UNITED STATES DISTRICT JUDGE